USDC SCAN INDEX SHEET










WTM    12/8/99    16:17
3:99-CV-02580   BERNSTEIN V. THOMAS RICHARDS
*1*
*CMP.*

Michael Doukas, Esq.
Harold M. Hewell, Esq. (No.171210)

DOUKAS & HEWELL
1901 First Avenue, Second Floor
San Diego, California 92101
Telephone: (619) 235-6854
Facsimile: (619) 235-9122

Attorneys for Plaintiff

FILED
99 DEC -8 PM 2:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: Ted Mclaren DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY BERNSTEIN and RICHARD DEHART, individual consumers, <br><br> Plaintiffs, <br><br> v. <br><br><br> THOMAS RICHARDS & CO., <br><br> Defendant. | Civil Action No. '99 CV 2500 K JAH <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692 *ET SEQ.*, AND DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

## I.

## INTRODUCTION

1. This is an action for damages brought by individual consumers for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereafter "FDCPA"). Plaintiffs JAY BERNSTEIN ("Mr. Bernstein") and RICHARD DEHART ("Mr. Dehart," or, collectively with Mr. Bernstein, "Plaintiffs") *respectfully demand a Jury Trial.*

## II.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

- 1 -

3. This Court has personal jurisdiction over Defendant THOMAS RICHARDS & CO. ("Thomas Richards"), in that, Plaintiffs are informed and believes and thereon allege, Thomas Richards routinely collects debts allegedly owed to others within this judicial district.

4. Plaintiffs are informed and believe and thereon allege that venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2).

### III.

### PARTIES

5. Mr. Bernstein is, and at all times relevant herein was: a natural person residing in the County of San Diego, State of California; and a "consumer" as defined in 15 U.S.C. §1692a(3).

6. Mr. Dehart is, and at all times relevant herein was: a natural person residing in the County of San Diego, State of California; and a "consumer" as defined in 15 U.S.C. §1692a(3).

7. Plaintiffs are informed and believe, and thereon allege, that Thomas Richards is, and at all times relevant herein was: a business of unknown legal structure or state origin conducting business within the County of San Diego, California; and a "debt collector" as defined in 15 U.S.C. 1692a(6).

8. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned, that Thomas Richards' employees, each of them, were the agents and employees of Thomas Richards, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment.

### IV.

### FACTUAL ALLEGATIONS

9. PLAINTIFF realleges and incorporates herein by reference paragraphs 1 through 8 above.

10. Mr. Bernstein retained an attorney to represent him in a legal matter in or around 1988. The representation concluded in or around December 1989. Mr. Bernstein paid the attorney $20,000.00 in legal fees for the representation.

11. In or around 1992, Mr. Bernstein received a telephone call from a Thomas Richards employee seeking to collect additional attorney's fees from Mr. Bernstein for the legal representation. Mr. Bernstein disputed the alleged debt, whereupon the Thomas Richards employee told him that it would take no further action regarding the matter.

12. In or around 1995, Mr. Bernstein received a letter from Thomas Richards, again seeking to collect

additional attorney's fees from Mr. Bernstein for the 1988 legal representation. Mr. Bernstein called Thomas Richards and again disputed the debt. Mr. Bernstein also pointed out to the Thomas Richards employee he spoke to, that the alleged debt was beyond any applicable statute of limitations for legal enforcement, and that he refused to pay it. The conversation concluded, and Mr. Bernstein believed he would not be bothered further about the alleged debt.

13. However, in or around August 1999, Mr. Bernstein received a telephone call regarding the alleged debt from an employee at Thomas Richards who identified himself with a name that sounded like "Bill Foster."

14. Mr. Bernstein called Thomas Richards back, and with some difficulty located the party there who had called him. The Thomas Richards employee told Mr. Bernstein that he was trying to reach either Jay or "Richard" Bernstein, and was calling about the attorney's fees that were allegedly owed for the legal representation that concluded in or around 1989. At no time did the Thomas Richards employee identify himself as a debt collector. Mr. Bernstein pointed out that there was no "Richard Bernstein" there, and asked if perhaps he had meant to say Richard Dehart, who shares Mr. Bernstein's residence. The Thomas Richards employee confirmed that this was the Richard he was seeking, and asked Mr. Bernstein if he or Mr. Dehart would pay on the alleged debt. The Thomas Richards employee told Mr. Bernstein that Mr. Dehart also was obligated on the debt, which was not true. Mr. Bernstein told the Thomas Richards employee that the alleged debt was beyond any applicable statute of limitations for legal enforcement. To that, the Thomas Richards employee replied that there remained a "moral" obligation to pay on the alleged debt, thereby implying that Mr. Bernstein and Mr. Dehart were immoral for not paying the disputed, legally unenforceable alleged debt.

V.

**FIRST CLAIM FOR RELIEF**

**AGAINST THOMAS RICHARDS - FDCPA**

15. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 14 above.

16. Plaintiffs contend that Thomas Richards violated the FDCPA, and that those violations include, but are not limited to the following:

    (a) Section 1692c(b), which provides that, except as provided in 15 U.S.C. 1692b, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary

-3-

to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. Plaintiffs contend that Thomas Richards violated this when its employee discussed Mr. Dehart's alleged debt with Mr. Bernstein.

(b) Section 1692e, which bars a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Plaintiffs contend that Thomas Richards violated this when its employee: told Mr. Bernstein that Mr. Dehart was obligated to pay on the alleged debt; and failed to inform Mr. Bernstein that the employee was a debt collector.

(c) Section 1692e(2)(A), which bars a debt collector from falsely representing the character, amount, or legal status of any debt. Plaintiffs contend that Thomas Richards violated this when its employee stated to Mr. Bernstein that Mr. Dehart was obligated to pay for the alleged debt.

(d) Section 1692e(10), which bars a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiffs contend that Thomas Richards violated this when its employee stated to Mr. Bernstein that Mr. Dehart was obligated to pay for the alleged debt.

(e) Section 1692e(11), which requires debt collectors to disclose in communications subsequent to the initial communication, that the communication is from a debt collector. Plaintiffs contend that Thomas Richards violated this when its employee failed to state this to Mr. Bernstein in the August 1999 communications.

(f) Section 1692f, which bars a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Plaintiffs contend that Thomas Richards violated this when its employee tried to collect the alleged debt from Mr. Dehart, when there was no contractual or legal basis for doing so.

-4-

(g) Section 1692f(1), which bars a debt collector from the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Plaintiffs contend that Thomas Richards violated this when its employee tried to collect the alleged debt from Mr. Dehart, when there was no contractual or legal basis for doing so.

17. Thomas Richards's violation of this statute has caused Plaintiffs to suffer and to continue to suffer damages in an amount to be determined at trial. The damages include, but are not limited to, severe mental and emotional distress.

WHEREFORE, PLAINTIFF respectfully prays for relief from defendant ATLANTIC for violations of the FDCPA, as follows:

(a) For actual damages;

(b) For statutory damages of $1,000.00;

(c) For costs and reasonable attorneys' fees; and

(d) For such other and further relief as the court may deem proper.

DATED: /2-7, 1999.

DOUKAS & HEWELL

By: _____
Harold M. Hewell, Esq.

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

'99 CV 2580 K JAH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
JAY BERNSTEIN and RICHARD DEHART

### DEFENDANTS
THOMAS RICHARDS & CO.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED '99 DEC -8 PM 2:56

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
HAROLD M. HEWELL  (BAR # 171210)  (619) 235-6854
DOUKAS & HEWELL
1901 FIRST AVENUE, SECOND FLOOR
SAN DIEGO, CALIFORNIA 92101

ATTORNEYS (IF KNOWN)

### I. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC/Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692 ET. SEQ.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 12/7/99
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 55362  AMOUNT $150  APPLYING IFP ____  JUDGE ____  MAG JUDGE ____